Joseph T. PASIONEK, Plaintiff, Appellant,

v.

The NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY, Defendant, Appellee.

No. 5314.

United States Court of Appeals First Circuit.

March 24, 1958.

Henry Lawlor, Boston, Mass., for appellant.

William J. Noonan, Boston, Mass., with whom David W. Walsh, Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered on a verdict returned by direction of the court for the defendant in an action brought by the plaintiff under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The plaintiff, a sheet-metal worker and machinist who had worked for the defendant for twenty years, was injured early in the afternoon of a fair day late in October, 1953, when a sand box which he was attaching to the under side of the body of a Budd car fell and struck him on the leg. The sand box, or sander, of a Budd car is a metal receptacle approximately 8 by 6 by 5 inches in dimension and it weighs about twenty pounds. It is located about a foot in from the side of the car and is approximately four feet above the ground. It is attached to the car by two six-inch bolts.

On the day in question the plaintiff had removed the sand box and cleaned it of wet sand. His injury occurred when he was undertaking to put it back. In doing so he stood in a crouching position on the ground, which consisted of cinders, dirt and gravel (the car on which he was working was out-doors on a track in the yard), holding the sand box in position under the body of the car with his left hand while he bolted it in place. With the fingers of his right hand he turned up the nut on one of the two attaching bolts until he thought it had caught and then he stooped to reach for his wrench. In doing so he let go of the sand box with his left hand and it fell striking him on the left knee.

While there is evidence of grease and oil on the ground beside the tracks in the general area of the yard in which the plaintiff was working, there is no evidence that the plaintiff was standing in grease or oil at the time the sand box fell on his knee or that while attempting to attach the sander he slipped on oil, grease or anything else. He testified:

"I took it off first, and I cleaned it. I was trying to put it back. There are two bolts in it about six inches long, the sander weighing about twenty pounds or so. I was underneath the car trying to catch it and hold it with one hand trying to catch it up. When I had the bolt caught, I had reached for the wrench to put it up—a distance of four feet —I leaned for my wrench, and as I did the sander came down and hit me on my left knee, injuring my left knee."

Nor is there any evidence from which it could reasonably be found or inferred that the defendant had any need for help on the job he was doing. To be sure, if a helper had been present to hand the plaintiff his wrench, or to hold the sander while the plaintiff picked up his wrench, the accident probably would not have happened. No doubt a helper would have been a convenience to the plaintiff under the circumstances, but mere convenience is not the test of need, for if it were every job, no matter how trivial, would require a helper. It is common knowledge that those who work with tools, professional as well as amateur, not infrequently leave a needed tool out of reach, and find themselves in a predicament similar to the one in which the plaintiff found himself. The evidence, and the only reasonable inference from the evidence, is that removing, cleaning and replacing sanders on Budd cars is a simple job customarily done by only one man for only one man is needed to do it, and that the plaintiff had successfully done the job alone hundreds of times before the accident.

There is no support in the record for the appellant's contention that the court below erred in excluding his proffered evidence of grease and oil on the ground at the precise place of the accident and in excluding his proffered evidence of the need for a helper. The record does not show that the court below excluded any relevant evidence offered by the plaintiff on either of these matters. On the contrary, the fact is that the court gave the plaintiff every opportunity to prove his two asserted grounds for recovery by any material evidence he could produce, and that he did not produce any.

A judgment will be entered affirming the judgment of the District Court.